IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVIER MENDEZ,

    Defendant.                                  Case No. 06-cr-30152-DRH

**ORDER**

**HERNDON, District Judge:**

    This matter is before the Court on Defendant's Motion to Continue Trial (Doc. 18), which is currently scheduled for January 8, 2007.  Defendant moves for a continuance, stating that his counsel has recently been appointed and therefore needs additional time to review Defendant's case and otherwise prepare for trial.

    Considering this Motion, the Court observes that there are no other defendants currently in this matter.  Further, although Defendant was initially appointed counsel on November 13, 2006 (Doc. 5), because of a recently-developed potential conflict of interest, on December 28, 2006, prior counsel moved to withdraw (Doc. 16).  Therefore, pursuant to the Court's Order (Doc. 17), granting the Motion to Withdraw, new counsel was appointed to represent Defendant only several days ago.  As such, if trial were to commence on January 8, 2007, this would only give counsel a mere eleven days to meet with Defendant and prepare his defense.

    Certainly, no court would conclude this is a reasonable amount of time to adequately prepare.  In fact, this is one of the considerations a court may consider

when determining whether to grant a continuance of a criminal trial under **18 U.S.C. § 3161**.  *See* **18 U.S.C. § 3161(h)(8)(B)(iv) ("Whether the failure to grant such a continuance . . . would unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.")**.  Moreover, the Court does not believe Defendant's counsel is acting with anything other than due diligence at this time.  In this case, the Court believes allowing additional time for effective preparation more appropriately serves the ends of justice than ensuring Defendant has his day in court as soon as possible.  To force the Defendant to trial when he has not had time to prepare would visit a manifest miscarriage of justice upon him.

For the reasons stated in this Order, the Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial.  Therefore, the Court **GRANTS** Defendant's Motion to Continue (Doc. 18) and **CONTINUES** the jury trial scheduled for Monday, January 8, 2007 at 9:00 a.m. to **Monday, April 23, 2007 at 9:00 a.m.**  The time from the date the motion to continue (Doc. 18) was filed, January 4, 2007, until the date to which the trial is rescheduled, April 23, 2007, is excludable time for the purposes of speedy trial.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2007.

/s/        David    RHerndon
**United States District Judge**